30 F.3d 128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel T. BRASHEAR, Petitioner-Appellant,
v.
William D. SCHAEFFER; Executive Director of the Governor's
Office of Justice Assistance; Bishop L. Robinson; Paul J.
Davis; Richard A. Lanham; Director, Public Justice Center
Commutation Project; Director, House of Ruth, Incorporated
of Baltimore, Maryland; Joseph J. Curran, Respondents-Appellees.
Daniel T. BRASHEAR, Petitioner-Appellant,
v.
William D. SCHAEFFER, Individually and in his official
capacity as Governor of the State of Maryland and his heirs
or successors; Joseph J. Curran, individually and in his
official capacity as Attorney General for the State of
Maryland and his heirs or successors, Respondents-Appellees.
 Nos. 94-6406, 94-6407.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided Aug. 3, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-94-471, CA-92-2387)
 Daniel T. Brashear, appellant Pro Se.
 D.Md.
 DISMISSED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Daniel Brashear filed a 42 U.S.C. Sec. 1983 (1988), action in the district court in 1992, alleging that his 1991 conviction for second degree murder was unconstitutional. The district court dismissed summarily, holding that Brashear was required to exhaust state remedies before filing a Sec. 1983 action which challenged the validity of his conviction. Brashear did not appeal.
 
 
 2
 Brashear filed a second civil rights action in the district court in February 1994, alleging that he had been to state court and was now ready to return to federal court on the same claim. The district court dismissed the claim on the same ground, holding that it was plain from the face of the complaint that Brashear had not completed exhaustion of state remedies, "by way of appellate review." The dismissal was without prejudice. Brashear noted a timely appeal from this decision. He also included the number of his first federal action on his notice of appeal. This notation has been treated as a notice of appeal from the 1992 action.
 
 
 3
 Brashear noted the appeal from the 1992 action outside the thirty-day appeal period established by Fed. R.App. P. 4(a)(1), failed to obtain an extension of the appeal period within the additional thirty-day period provided by Fed. R.App. P. 4(a)(5), and is not entitled to relief under Fed. R.App. P. 4(a)(6). The time periods established by Fed. R.App. P. 4 are mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). We therefore lack jurisdiction to consider an appeal from the 1992 order.
 
 
 4
 Brashear's 1994 action was dismissed without prejudice, for failure to satisfy the exhaustion requirement of 28 U.S.C.Sec. 2254(b) (1988). Under Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir.1993), we have examined the ground for dismissal and determined that Brashear can save this action by amending his complaint to show exhaustion of state remedies, or "either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. Sec. 2254(b). Therefore, the order which Brashear seeks to appeal is an interlocutory order. This Court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); Fed.R.Civ.P. 54(b). Under Domino Sugar, this order is not an appealable order.
 
 
 5
 We dismiss the appeal in No. 94-6407 as untimely, and the appeal in No. 94-6406 as interlocutory.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 *
 Certificates of probable cause to appeal are denied for both appeals